U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

DEC 0 9 2015

TONY R. MOORE, CLERK
BY _____
       DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| BRANDON GRANT,<br>    Plaintiff | CIVIL ACTION<br>SECTION "P"<br>NO. 1:15-CV-01806 |
| VERSUS | |
| JAYSON DANIEL LINEBAUGH,<br>et al.,<br>    Defendants | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by Brandon Grant ("Grant") on June 2, 2015 (Doc. 1). Grant also alleges supplemental state law claims for "assault, battery, abuse of process, intentional infliction of emotional distress, false arrest, false imprisonment, negligence, gross negligence, and intentional torts" (Doc. 1). The named defendants are the Natchitoches Police Department, Sgt. Jayson Daniel Linebaugh (employed by the Natchitoches Police Department), the City of Natchitoches, and unknown employees of the City of Natchitoches (Doc. 1).

Grant contends that, on June 2, 2014, he was subjected to a warrantless search without probable cause and the use of excessive force by Sgt. Linebaugh, resulting in an avulsion fracture of

Grant's right elbow (Doc. 1). For relief, Grant asks for attorney fees, expert witness fees, costs, medical expenses, compensatory damages, punitive damages, and a jury trial (Doc. 1).

Defendants Linebaugh and the City of Natchitoches answered the complaint (Doc. 5) and filed a motion to dismiss the Natchitoches Police Department (Doc. 6) which Grant has not opposed. That motion is now before the court for disposition.

### Law and Analysis

Defendants argue that Grant's complaint against the Natchitoches Police Department should be dismissed because it is not a legal entity.

A political subdivision cannot pursue a suit on its own unless it is "a separate and distinct corporate entity." Kirby Lumber Corp. v. State of La. through Anacoco-Prairie State Game and Fish Comm'n, 293 F.2d 82, 83 (5th Cir. 1961). The Natchitoches Police Department is not a legal entity or person capable of being sued. Johnson v. Bossier City Police Dept., 2009 WL 2461520, *2 (W.D.La. 2009); Miles v. Slidell Police Dept., 2008 WL 5544523, *2 (E.D.La. 2008); Ruggiero v. Litchfield, 700 F.Supp. 863, 865 (M.D.La. 1988). The State of Louisiana grants no such legal status to any law enforcement office or department. Liberty Mutual Insurance Co. v. Grant Parish Sheriff's Department, 350 So.2d 236, 239 (La.App. 3d Cir.), writ den., 352 So.2d 235 (La.1977) (overruled on other grounds). The Natchitoches Police Department is not a "person" for

purposes of Section 1983 liability.

Therefore, defendants' unopposed motion to dismiss Grant's complaint against the Natchitoches Police Department (Doc. 6) should be granted.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that defendants' motion to dismiss (Doc. 6) be GRANTED and Grant's action against the Natchitoches Police Department be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL**

**FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this \_\_9th\_\_ day of December 2015.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE